**Richard MOSS, Defendant Below, Appellant,**

v.

**PRUDENTIAL–BACHE SECURITIES, INC., Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 4, 1990.
Decided: Oct. 19, 1990.

Richard L. Moss, pro se.

Jeffrey M. Weiner, Wilmington, and Thomas J. Kavaler, Thomas M. Campbell, Michael J. Lane of Cahill, Gordon & Reindel, New York City, of counsel, for appellee.

Before CHRISTIE, C.J., MOORE and HOLLAND, JJ.

MOORE, Justice.

Richard L. Moss appeals a decision of the Court of Chancery confirming an arbitration award originally extended in favor of Moss' former employer, Prudential–Bache Securities, Inc. ("Prudential–Bache") by a New York Stock Exchange, Inc. ("NYSE") arbitration panel in Philadelphia, Pennsylvania, pursuant to the Federal Arbitration Act (the "Act") 9 U.S.C. §§ 1–15 (1988). On appeal Moss contends that the Court of Chancery lacked "jurisdiction"[1]

---

1. Moss completely failed to specify whether he was appealing the trial court's decision on the grounds of subject matter jurisdiction or *in per-* sonam jurisdiction. The Court of Chancery ruled that it had personal jurisdiction to hear Prudential–Bache's claim because Moss was a

under the Act to consider Prudential–Bache's claim. We disagree. The Federal Arbitration Act clearly vests concurrent subject matter jurisdiction in both the state and federal district courts. Accordingly, we affirm.

## I.

Moss was formerly employed by Prudential–Bache as an account executive. He executed an employment agreement with Prudential–Bache on August 13, 1986 which specified that, as part of his compensation, Prudential–Bache would loan Moss a total of $96,000. The employment agreement also provided that the loan would become immediately payable in the event that Prudential–Bache terminated Moss for cause. Prudential–Bache fired Moss for cause on February 29, 1988 and Moss refused to pay the remaining loan balance.

Pursuant to the employment agreement, Prudential–Bache filed a statement of claim for arbitration with the NYSE. A NYSE arbitration panel heard the matter in Philadelphia, Pennsylvania, and issued a decision requiring Moss to pay Prudential–Bache $28,000 and $1,000 in costs. Moss did not challenge the award and Prudential–Bache filed an action in the Delaware Court of Chancery to confirm the arbitration decision pursuant to the Act.

Moss argued that the trial court did not have "jurisdiction" to adjudicate Prudential–Bache's arbitration enforcement action because the Act grants exclusive jurisdiction only to the district court where the arbitration hearing "took place." Specifically, Moss relied on Section Nine of the Act which provides, in part, that "if *no court is specified* in the agreement of the parties, then such application *may be* made to the United States court in and for the district within such award was made." 9 U.S.C. § 9 (emphasis added).

The Court of Chancery, however, rendered its decision based upon other language in Section Nine which states:

> If the parties *in their agreement* have *agreed* that a judgment of the court *shall be entered upon the award made pursuant to the arbitration,* and *shall specify the court,* then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added). The Court of Chancery cited the employment agreement between Moss and Prudential, which explicitly stated that an arbitration award may be confirmed by "any court having *jurisdiction* thereof." Slip op. at 1. The trial court ultimately concluded that the "no designation" clause of Section Nine of the Act was irrelevant because the employment contract between Moss and Prudential–Bache did specify "a category of courts" and, therefore, the court properly had subject matter jurisdiction over the case. *Id.* at 2 n. 1.

Moss now argues on appeal that the trial court erred in applying the "specified court" language in Section Nine of the Act to his employment contract. Moss complains that his employment agreement is not a separate contract to arbitrate claims within the meaning of the Act. Furthermore, he argues that the employment contract was invalid and claims that neither the arbitration panel nor the trial court ever considered whether the employment agreement was valid and binding.

## II.

The question of subject matter and *in personam* jurisdiction involves mixed questions of fact and law. *See Sternberg v. O'Neil,* Del.Supr., 550 A.2d

---

Delaware resident. *Prudential–Bache Securities, Inc. v. Moss,* Del.Ch., No. 10844, Jacobs, V.C. slip op. at 1 (Feb. 13, 1990) (letter). It is indisputable that Delaware courts have personal jurisdiction over claims arising against Delaware

residents and because Moss failed to contest the lower court's factual determination of his residency, this opinion presumes that his appeal concerns only the trial court's subject matter jurisdiction.

1105, 1126 (1988). The Court will accept the trial court's findings of fact if they are the result of an orderly and logical deductive process and are sufficiently supported by the record. *Levitt v. Bouvier*, Del. Supr., 287 A.2d 671, 673 (1972). The Court will review questions of law *de novo*. *See Sternberg*, 550 A.2d at 1109.

Moss' post-hoc attempt to contest his employment contract, after failing to even raise the issue at the arbitration hearing where he had the benefit of counsel, is irrelevant to the question of the Court of Chancery's subject matter jurisdiction here. Thus, he confuses jurisdiction with venue.

 Section Nine of the Act is *merely a venue statute* and was never intended to create exclusive federal question subject matter jurisdiction in the federal courts. *See Southland Corp. v. Keating*, 465 U.S. 1, 16 n. 9, 104 S.Ct. 852, 861, 79 L.Ed.2d 1 (1984) (Act "does not create any independent federal question jurisdiction under 28 U.S.C. § 1331 or otherwise"); *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 25 & n. 32, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983) ("federal courts' jurisdiction to enforce the Arbitration Act is concurrent with that of the state courts" and the Act does not create "independent federal-question jurisdiction"); *see, e.g., Motion Picture Laboratory Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 18–19 (2d Cir.1986). The Court of Chancery therefore shares concurrent subject matter jurisdiction with the federal district courts in cases arising under the Act regardless of whether the employment agreement was valid in this case. *See Moses H. Cone Memorial Hospital*, 460 U.S. at 25, 103 S.Ct. at 941.

Thus, the trial court's analysis of the employment agreement between Moss and Prudential–Bache was unnecessary even though it ultimately reached the right conclusion. The Court of Chancery clearly had subject matter jurisdiction to enforce awards rendered under the Federal Arbitration Act, its ruling in favor of Prudential–Bache is, AFFIRMED.