**Donnette F. PLUMMER, individually, and as parent of Quincy Plummer and Loxlie Plummer and Loxlie M. Plummer, Plaintiffs Below, Appellants,**

v.

**Susan A. SHERMAN, as Personal Representative of the Estate of Mark Fose, Defendant Below, Appellee.**

No. 50, 2004.

Supreme Court of Delaware.

Submitted: Oct. 13, 2004.

Decided: Nov. 16, 2004.

Timothy Joseph Weiler, Esq., Wilmington, Delaware.

Colin M. Shalk, Esq., Thomas P. Leff, Esq., of Casarino, Christman & Shalk, Wilmington, Delaware.

Before HOLLAND, BERGER and RIDGELY, Justices.

RIDGELY, Justice.

In this personal injury action, Appellant, Donnette F. Plummer, individually and as a parent of Quincy and Loxlie Plummer, appeals a decision of the Superior Court granting a motion to dismiss in favor of Appellee, Susan A. Sherman, for lack of personal jurisdiction. Sherman is the Administratrix for the Estate of Mark Fose, the original defendant in this matter.

Plummer raises four arguments for our consideration. First, she argues that the trial judge erred by granting Sherman's motion to dismiss because Sherman waived her lack of personal jurisdiction defense by failing to assert the defense in her answer or properly by motion. Second, Plummer contends that the trial judge erred in his conclusion that he could have allowed Sherman to amend her answer to include the lack of personal jurisdiction defense. Third, she argues that as a matter of policy cases should be decided on their merits and not on procedural technicalities. Finally, Plummer contends that the trial judge erred in finding that the Superior Court did not have personal jurisdiction over Sherman. She asserts that the Superior Court's jurisdiction was established by the personal service completed on Sherman after long arm service on Mark Fose failed.

We find that the trial judge erred in granting Sherman's motion to dismiss because Sherman waived the defense of lack of personal jurisdiction by failing to raise it by a timely motion, in her answer to Appellants' complaint, or by an amendment to the answer which could be made as a matter of course. Superior Court Civil Rule 12(h) expressly provides that "[a] defense of lack of jurisdiction over the person ... is waived ... if it is neither made

by motion under this Rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." [1] An amendment as a matter of course must be made within 20 days of the answer. We therefore reverse the trial judge's decision and remand for further proceedings to resolve the remaining issues raised in Sherman's motion to dismiss.[2]

## I.

This case arose from an automobile accident occurring on October 29, 1995 between Mark Fose and Appellants. Mark Fose fled the scene of the accident by foot, but was later apprehended by the police. He was charged with Driving under the Influence.[3] The vehicle Mark Fose was operating was owned by his brother, Clifford Fose. The vehicle was insured under a policy issued by State Farm Fire and Casualty Company.

Appellants filed suit against Mark Fose and Clifford Fose on October 28, 1997.

The suit alleged that Mark Fose negligently caused the accident and physical injuries to Appellants. Because Appellants were unable to serve Mark Fose, the complaint against him was dismissed on August 3, 1998 pursuant to Rule 4(j).[4] The complaint against Clifford Fose was dismissed with prejudice through a stipulation of the parties on June 4, 1999.

Appellants then hired a private investigator to locate Mark Fose. The private investigator reported that Mark Fose had left Delaware. Pursuant to 10 *Del. C.* § 8118(a),[5] Appellants filed a second complaint against Mark Fose on August 2, 1999 putting forth a similar cause to the first complaint. The summons and complaint were served on the Delaware Secretary of State on August 17, 1999 pursuant to the non-resident motorist long arm statute (hereinafter "the long arm statute").[6] The writ evidencing such service was returned to Appellants' counsel on September 2, 1999. Appellants unsuccessfully attempted to locate Mark Fose through their

1. DEL.SUPER. CT. CIV. R. 12(h).

2. In her motion to dismiss, Sherman argued that the case should be dismissed for failure to prosecute under Rule 41(e) and for the Superior Court's lack of jurisdiction over her. The trial judge found the issue of personal jurisdiction dispositive and did not address whether the case could be dismissed for failure to prosecute. Upon remand, this remaining issue will be ripe for determination.

3. DEL.CODE ANN. tit. 21, § 4176(a) (2004).

4. DEL.SUPER. CT. CIV. R. 4(j). This rule states:
   If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

5. DEL.CODE ANN. tit. 10, § 8118(a) (2004). This section states:
   If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein.

6. *Id.* at § 3113.

private investigator so that they could mail notice of the summons and complaint as required by the long arm statute. No notice of the summons and complaint was ever mailed to him.

The Superior Court issued Rule 41(e) [7] letters on March 10, 2000, November 28, 2000, and July 9, 2001 to which Appellants responded through their counsel. The letters required that Appellants take some type of action against Mark Fose or the case would be dismissed. Responses were filed to each letter concerning efforts to locate Mark Fose. On September 21, 2001, Appellants, through their private investigator, learned that Mark Fose died on December 4, 1999. The trial judge granted Appellants' application to open an estate for Mark Fose within ninety days. On December 27, 2001, an estate was opened for Mark Fose in the New Castle County Register of Wills, naming Susan A. Sherman as the Administratrix.[8] Sherman was then served with process on January 4, 2002.

On July 22, 2002, the Superior Court sent another Rule 41(e) notice to Appellants' counsel requiring action within thirty days. Sherman notified Mark Fose's insurance carrier, State Farm Fire & Casualty Company, of the lawsuit on August 7, 2002.

On January 2, 2003, Sherman filed her answer to the complaint. While the answer did include a defense of failure to prosecute, it did not allege the defense of lack of jurisdiction over the person. On February 6, 2003, Sherman filed a motion to dismiss for failure to prosecute under Rule 41(b).[9] This motion also did not al-

7. DEL.SUPER. CT. CIV. R. 41(e) (2004). This rule states:

The Court may order an action dismissed, sua sponte, upon notice of the Court, for failure of a party diligently to prosecute the action, for failure to comply with any rule, statute, or order of the Court, or for any other reason deemed by the Court to be appropriate. In the event that the Court shall conclude, sua sponte, that dismissal upon any of the foregoing grounds appears appropriate, the procedure for such dismissal shall be as follows: The Prothonotary shall forward to the party a notice directing that the party show cause why the action should not be dismissed for the reasons stated in the notice. The notice shall direct the party to respond within fifteen (15) days from the date of the notice. After consideration of such response, the Court shall enter an order dismissing the action or maintaining jurisdiction of the case. If a response is not filed within the time allowed, the dismissal shall be deemed to be unopposed. If the Court is satisfied that the action should be dismissed, it shall enter an order of dismissal. Upon entry of any order of dismissal, the Court shall specify the terms thereof including provision for payment of costs. In the case of any action which has been pending in this Court for more than six (6) months without

any proceedings having been taken therein during that six (6) months, the Prothonotary shall mail, after the expiration of the six (6) months, to the parties a notice notifying them that the action will be dismissed by the Court for want of prosecution if no proceedings are taken therein within thirty (30) days. If no proceedings are taken in the action within a period of thirty (30) days after the mailing of such notice, it shall thereupon be dismissed by the Court as of course for want of prosecution.

8. Sherman was a Law Clerk in the law office of Appellants' counsel.

9. DEL.SUPER. CT. CIV. R. 41(b) (2004). This rule states:

For failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. After the plaintiff in an action tried by the Court without a jury, has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The Court as trier of the facts

lege lack of personal jurisdiction over Sherman. Sherman did not expressly raise the lack of personal jurisdiction issue until argument on the motion to dismiss. This was seventy-one days after her answer and thirty-five days after she filed the motion to dismiss.

After oral argument and supplemental briefing on this matter, the trial judge granted Sherman's motion to dismiss. The trial judge found the issue of personal jurisdiction pursuant to Delaware's long-arm statute dispositive, and found it unnecessary to decide whether the complaint should be dismissed for failure to prosecute.[10] The trial judge held that dismissal was required because Appellants failed to send Mark Fose notice of the suit within the seven day period after the return of service on the Secretary of State.[11] He also found unpersuasive Appellants' argument that jurisdiction was established by serving Sherman. He reasoned that the long arm statute required that notice be sent to Mark Fose.[12] According to the trial judge, "The Court takes no pleasure in dismissing this case not on the merits, but

the Court cannot excuse non-compliance with the statute."[13] Appellants moved for reargument contending that the lack of personal jurisdiction defense was waived, but the trial judge denied reargument.[14]

## II.

■ We note at the outset that the Delaware Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure.[15] We therefore find certain federal cases appropriate for determining the proper interpretation of the Delaware Rules of Civil Procedure.[16] The question of in personam jurisdiction involves mixed questions of fact and law.[17] We will accept the trial judge's findings of fact so long as they are the product of an orderly and logical deductive process and are sufficiently supported by the record.[18] We will review questions of law *de novo*.[19] In the present case, the facts are not in dispute. Thus, the trial judge's holding in this case that the Superior Court did not have personal jurisdiction over Sherman as a matter of law is reviewable *de novo*.[20]

may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

10. *Plummer v. Sherman*, C.A. No. 99C–08–010, slip. op. at 6, 2003 WL 23274839 (Del.Super.Ct. Dec. 9, 2003).

11. *Id.* at 7.

12. *Id.*

13. *Id.* at 8.

14. *Plummer v. Sherman*, C.A. No. 99C–08–010, 2004 WL 63414 (Del.Super.Ct. Jan. 14, 2004).

15. *Tackett v. State Farm Fire and Cas. Ins. Co.*, 653 A.2d 254, 261 (Del.1995).

16. *Apartment Communities Corp. v. Martinelli*, 859 A.2d 67, 70–71 (Del.2004) (citations omitted).

17. *Moss v. Prudential–Bache Secs., Inc.*, 581 A.2d 1138, 1140 (Del.1990) (citing *Sternberg v. O'Neil*, 550 A.2d 1105, 1126 (Del.1988)).

18. *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972).

19. *Moss*, 581 A.2d at 1140 (citing *Sternberg*, 550 A.2d at 1109).

20. *See Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.), *cert. denied*, 519 U.S. 1006, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996) (applying a *de novo* standard of review when the facts are not in dispute); *Bullion v. Gillespie*, 895 F.2d 213,

## III.

■ The provisions in Rule 12 are designed to prevent a litigant from using a series of motions as a dilatory tactic.[21] Rule 12(b) states:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improp-

er venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.[22]

Rule 12(h)(1) provides for the waiver of the lack of personal jurisdiction defense if it is not raised in the initial motion or responsive pleading.[23] This is unlike challenges to subject matter jurisdiction, which a defendant may raise and the court must hear at any time.[24] When read *in pari materia,* the provisions of Rule 12(b) and (h) require that a Rule 12 defense of lack of personal jurisdiction must be raised by a

217 (5th Cir.1990) (holding that a determination on whether personal jurisdiction may be exercised is a question of law and is reviewable *de novo); Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 171 (5th Cir.1994) (providing that personal jurisdiction over a nonresident is a matter of law and *de novo* review is applicable); *Ortiz–Sandoval v. Gomez,* 81 F.3d 891, 894 (9th Cir.1996) ("We review the question of personal jurisdiction *de novo* "); *Reebok Int'l Ltd. v. McLaughlin,* 49 F.3d 1387, 1390 (9th Cir.), *cert. denied,* 516 U.S. 908, 116 S.Ct. 276, 133 L.Ed.2d 197 (1995) (stating that the "determination that personal jurisdiction can be properly exercised is a question of law reviewable *de novo* "); *Francosteel Corp. v. M/V Charm,* 19 F.3d 624, 626 (11th Cir. 1994) (providing that an appellate court has jurisdiction to review *de novo* the district court's dismissal for lack of in personam jurisdiction).

21. *See* 6 JAMES WM. MOORE ET. AL., MOORE'S FEDERAL PRACTICE–CIVIL ¶ 12.20 (3d ed.2004). *See also Flory v. United States,* 79 F.3d 24, 25 (5th Cir.1996) ("The purpose of the Rule 12(h)(1) automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory device of making them in a series").

22. DEL.SUPER. CT. CIV. R. 12(b).

23. *See* Del. SUPER. CT. CIV. R. 12(h)(1). *See also Swaim v. Moltan Co.,* 73 F.3d 711, 718 (7th Cir.), *cert. denied,* 517 U.S. 1244, 116 S.Ct. 2499, 135 L.Ed.2d 191 (1996) ("A defense of lack of [personal] jurisdiction is for-

feited if not asserted in a timely motion to dismiss under Rule 12 or a responsive pleading or amendment of such as provided by Rule 15"); *Myers v. American Dental Ass'n,* 695 F.2d 716, 720 (3d Cir.1982), *cert. denied,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983) (holding that defendant's lack of personal jurisdiction defense was waived because defendant did not include the defense in a motion to dismiss for improper venue); *Great Prize, S.A. v. Mariner Shipping Party, Ltd.,* 967 F.2d 157, 159 n. 5 (5th Cir.1992) (providing that lack of personal jurisdiction may be waived); *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398–99 (7th Cir.1993) (finding that a defendant waived the personal jurisdiction defense by failing to raise the defense in its initial motion to vacate); *Chilicky v. Schweiker,* 796 F.2d 1131, 1136 (9th Cir.1986), *cert. granted,* 484 U.S. 814, 108 S.Ct. 64, 98 L.Ed.2d 28 (1987), *rev'd on other grounds,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) (holding that defendants could not raise arguments of lack of personal jurisdiction and improper venue because they had already objected to lack of service of process, which is not equivalent to the Rule 12(b)(2) defense of lack of personal jurisdiction); *Lipofsky v. New York State Workers Compensation Bd.,* 861 F.2d 1257, 1258 (11th Cir.1988) (providing that objections to personal jurisdiction are waived if not asserted in a Rule 12 motion or responsive pleading).

24. *Shearin v. Mother AUMP Church,* 755 A.2d 390 (Del.2000).

timely Rule 12 motion or, if no motion is filed, in the first responsive pleading. Otherwise, the defense is waived.[25]

�4 A motion based on Rule 12(b) defenses "shall be made before a pleading if a further pleading is permitted."[26] In this case, Sherman filed a motion to dismiss for failure to prosecute on February 6, 2003. This occurred after she filed her answer on January 2, 2003. Although Sherman did assert a defense of failure to prosecute in her answer, this was not sufficient notice of the Rule 12(b)(2) defense of lack of jurisdiction over the person. Sherman was required to expressly raise the defense of lack of personal jurisdiction no later than her answer, but she did not do so. Her failure to expressly raise a lack of personal jurisdiction defense in a timely manner waived this defense. Once the defense was waived, it was inappropriate for the trial judge to revive the defense using Rule 41 when it had been waived pursuant to Rule 12(h)(1).

## IV.

▪ We next address the trial judge's conclusion that he could have allowed Sherman to amend her answer to include the lack of personal jurisdiction defense. Based on the record before us, we disagree.

There is authority for the proposition that a party may amend her initial Rule 12 motion or answer to add the defense of lack of personal jurisdiction.[27] However, a defendant is not entitled to amend her answer to assert lack of personal jurisdiction at any time.[28] To add the defense of lack of personal jurisdiction to an answer, Rule 12(h) requires that the amendment must be one "permitted by Rule 15(a) to be made as a matter of course."[29] Rule 15(a) limits when an amendment may be made to a responsive pleading as a matter of course. It provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

It is undisputed that Sherman filed an answer in response to Appellants' complaint on January 2, 2003 and did not amend her answer to assert lack of personal jurisdiction within 20 days after it was served. Because Sherman did not assert the defense of lack of jurisdiction over the person in the manner required by Rule 12, the defense was waived.

**25.** *See* 6 James Wm. Moore Et. Al., Moore's Federal Practice-Civil ¶ 12.20 (3d ed.2004). *See also Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir.1994) (holding that all defenses must be consolidated in a Rule 12 motion, and a defense for insufficient service of process is waived if omitted from the initial Rule 12 motion); *Burstein v. State Bar*, 693 F.2d 511, 513 n. 2 (5th Cir.1982) ("Failure to raise all possible grounds in the first motion waives those not mentioned"); *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982) ("If a party does not make a motion under Rule 12, he must include [Rule 12 defenses] ... in his responsive pleading").

**26.** Del.Super. Ct. Civ. R. 12(b).

**27.** *See* 6 James Wm. Moore Et. Al., Moore's Federal Practice-Civil ¶ 12.31 (3d ed.2004).

**28.** *See id. See also Nycal Corp. v. Inoco PLC*, 949 F.Supp. 1115, 1119–20 (S.D.N.Y.1997) (finding that a defendant could not supplement a Rule 12 motion to add a personal jurisdiction defense when the defendant made a tactical decision to omit the defense from the first motion).

**29.** Del.Super. Ct. Civ. R. 12(h).

## V.

Accordingly, we **REVERSE** the decision of the Superior Court to dismiss the complaint for lack of personal jurisdiction and **REMAND** for further proceedings consistent with this opinion.