# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KYAIR MASON, )
                                    )
        Plaintiff, )
                                    )
        v. )        C.A. No.: N23C-07-179 FWW
                                    )
ALLSTATE INDEMNITY )
COMPANY, )
                                    )
        Defendant. )

Submitted: August 20, 2024
Decided: October 23, 2024

*Upon Defendant Allstate Indemnity Company's Motion to Dismiss for Lack of Jurisdiction,*
**DENIED**

## ORDER

Gary S. Nitsche, Esquire, James Gaspero, Jr., Esquire, NITSCHE & FREDRICKS, LLC, 305 North Union Street, Second Floor, P.O. Box 2324, Wilmington, DE 19899, Attorneys for Plaintiff Kyair Mason.

Robert Ranieri, Esquire, Allstate Client Legal Services, 111 Continental Drive, Suite 307, Newark, DE 19713, Attorney for Defendant Allstate Indemnity Company.

**WHARTON, J.**

This 23rd day of October 2024, upon consideration of the Motion to Dismiss for Lack of Jurisdiction of Defendant Allstate Indemnity Company ("Allstate"),[1] the Response of Plaintiff Kyair Mason ("Mason"),[2] Allstate's Reply,[3] and the record, it appears to the Court that:

1.  Giovanna Tanzilli ("Tanzilli") was the driver of a rental vehicle involved in an accident in Maryland on May 1, 2022.[4] Mason was a passenger in that rental vehicle.[5] Another vehicle with an unknown driver struck Tanzilli's rental vehicle and caused the accident.[6] Tanzilli held an automobile insurance policy with Allstate that was current on the date of the accident.[7] The policy was issued to Tanzilli at her Maryland address.[8]

2.  Mason filed his Complaint on July 25, 2023.[9] Allstate filed its Answer on August 9, 2023.[10] Mason was deposed on May 29, 2024.[11] Allstate moved to

---

[1] Def.'s Mot. to Dismiss, D.I. 14.
[2] Pl.'s Response, D.I.16.
[3] Def.'s Reply, D.I. 17.
[4] Compl. at ¶ 3, D.I. 1.
[5] *Id*.
[6] *Id*. at ¶ 4.
[7] *See* Allstate's Mot. to Dismiss at Ex. A, D.I.14.
[8] *Id.*
[9] D.I. 1.
[10] D.I. 4.
[11] Allstate's Mot. to Dismiss at Ex. B, D.I.14.

dismiss Mason's Complaint for lack of jurisdiction on July 17, 2024.[12]  Mason responded[13] and Allstate replied.[14]

3.  In moving to dismiss for lack of jurisdiction, Allstate asserts that there is no specific basis for jurisdiction listed in the Complaint and that "there is no personal jurisdiction which allows this suit to be brought in Delaware."[15]  Allstate contends that specific jurisdiction cannot arise from a car accident in Maryland.[16] The only relationship with Delaware is that the unknown tortfeasor may or may not live in Delaware, which does not convey jurisdiction in any event.[17]  Citing *Eaton v. Allstate Prop. & Cas. Ins. Co.*,[18] *Rosado v. State Farm Mut. Ins. Co.*[19] and *Donaldson v. Progressive Advanced Ins. Co.*,[20] Allstate argues that Delaware does not have general jurisdiction either -- the fact that it conducts its insurance business and drafts insurance policies in Delaware is insufficient for general jurisdiction purposes.[21]

4.  Mason responds that Allstate's Motion focusing on a lack of jurisdiction is the first mention of a jurisdictional question in this case.[22]  He does

---

[12] Def.'s Mot. to Dismiss, D.I. 14.
[13] Pl.'s Resp., D.I. 16.
[14] Def.'s Reply, D.I. 17.
[15] Def.'s Mot. to Dismiss at 1, 5, D.I. 14.
[16] *Id.*
[17] *Id*. at 6.
[18] 2021 WL 3662451 (Del. Super. Ct. Apr. 28, 2021).
[19] 2020 WL 3887880 (Del. Super. Ct. July 9, 2020).
[20] 2022 WL 951260 (Del. Super. Ct. Mar. 29, 2022), *aff'd*, 288 A.3d 251 (Del. 2022).
[21] Def.'s Mot. to Dismiss at 6, D.I. 14.
[22] Pl.'s Resp. at ¶ 3, D.I. 16.

not deny that Delaware lacked personal jurisdiction when he filed suit. Instead, he cites Superior Court Civil Rule 12(h)(1) and the Delaware Supreme Court's analysis in *Plummer v. Sherman,*[23] contending Allstate waived its personal jurisdiction challenge since it did not raise the issue until eleven months after it answered the Complaint.[24] Mason also argues Allstate is an "active actor" that has waived its personal jurisdiction challenge under the Court's analysis in *Sussex Farms Limited v. Mbanefo.*[25] Mason cites Superior Court Civil Rule 1 in arguing that "[b]y filing the motion to dismiss for lack of jurisdiction so long after the answer and after substantial activity in the litigation, the Defendant is defying the central purpose of the Delaware Superior Court rules which is to support the 'just, speedy and inexpensive determination of every proceeding'"[26]

5.     Next, Mason argues that "[i]n *Rosado*[,] the Court found that the only relationship between Delaware and the dispute was that the tortfeasor may or may not have lived in the state."[27] Further, "[t]hat is not the case here, as it is unclear if the Plaintiff was a Delaware or Maryland resident at the time of the accident."[28] Mason contends that the cases cited by Allstate do not evaluate a motion to dismiss

---

[23] 861 A.2d 1238 (Del. 2004).
[24] Pl.'s Resp. at ¶ 3, D.I. 16.
[25] 2022 WL 2126228 (Del. Super. Ct. June 9, 2022); Pl.'s Resp. ¶ 4, D.I. 16.
[26] Pl.'s Resp. at ¶ 4, D.I. 16.
[27] *Id.* at ¶ 5.
[28] *Id.*

where discovery has already occurred and there is a judicial economy issue present.[29] He concludes that it is more efficient to proceed with this case in Delaware rather than to conduct duplicative efforts in Maryland.[30]

6.    Allstate replies that both cases cited by Mason have a significant difference from this case because "[i]n both of those cases there was an active defendant with knowledge of the facts."[31]  "In this case, the allegation involves an unknown motorist, and the active defendant is an insurance company with no personal knowledge of the facts at issue."[32]  Allstate asserts that Mason's answers to its interrogatories did not add any significant new facts to the Complaint, and "at least one interrogatory referenced that plaintiff would be forthcoming with additional facts at [his] deposition[.]"[33]  Allstate writes that "[b]ased upon the [Court's] disinclination to have litigation regarding the Complaint and because the defendant was unaware of the entirety of the facts [at] issue in this case, no motion was made in lieu of an Answer."[34]  It only became clear during Mason's deposition that this case has no connection to Delaware.[35]  Allstate claims it did not have access to the facts to determine if this initial filing was in error and could not file a motion

---

[29] *Id.*
[30] *Id.* at ¶ 6.
[31] Def.'s Reply at 1, D.I. 17.
[32] *Id*.
[33] *Id*. at 2.
[34] *Id*.
[35] *Id*.

until after Mason was deposed.[36] Allstate points out that the statute of limitations has not run in Maryland, and the witnesses and accident locations are in Maryland.[37] Allstate believes that the correct jurisdiction for this case is Maryland and that Mason's mistake in filing in Delaware should not be absolved simply because Allstate did not have access to the facts that led to this Motion.[38]

7.      Without expressly stating so in its Motion, Allstate moves under this Court's Civil Rule 12(b)(2) to dismiss Mason's Complaint for lack of personal jurisdiction. "A non-resident defendant may move to dismiss for lack of personal jurisdiction under this Court's Civil Rule 12(b)(2). 'Generally, a plaintiff does not have the burden to plead in its complaint facts establishing a court's personal jurisdiction over [a non-resident] defendant.'"[39] On a motion to dismiss pursuant to Superior Court Rule 12(b)(2) for lack of personal jurisdiction over a defendant, "[a] plaintiff bears the burden of showing a basis for a trial court's exercise of jurisdiction over a nonresident defendant."[40] "In ruling on a Rule 12(b)(2) motion, the Court

---

[36] *Id*.
[37] *Id.* at 4.
[38] *Id*.
[39] *Green Am. Recycling, LLC v. Clean Earth, Inc*., 2021 WL 2211696, at *3 (Del. Super. Ct. June 1, 2021) (citations omitted).
[40] *AeroGlobal Capital Management, LLC v. Cirrus Industries, Inc*., 871 A.2d 428, 437 (Del. 2005).

may consider the pleadings, affidavits, and discovery of record."[41]  Normally, the Court applies a two-pronged analysis, first considering whether Delaware's Long Arm Statute is applicable, and then determining whether subjecting the nonresident defendant to jurisdiction in Delaware violates the Due Process clause of the Fourteenth Amendment.[42]  Thus, if Allstate challenged this Court's jurisdiction over it in a timely manner, Mason would have been tasked with showing a basis for its jurisdiction.[43]

8.　　　"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."[44]  And "[b]ecause the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'"[45] The Court finds that Allstate has impliedly consented to the personal jurisdiction of this Court and its Rule 12(b)(2) personal jurisdiction challenge is untimely.

---

[41] *Economical Steel Building Technologies, LLC v. E. West Construction, Inc.*, 2020 WL 1866869, at *1 (Del. Super. Ct. Apr. 14, 2020) (quoting *Ryan v. Gifford*, 935 A.2d 258, 265 (Del. Ch. 2007)).

[42] *Biomeme, Inc. v. McAnallen*, 2021 WL 5411094, at *2 (Del. Super. Ct. Nov. 10, 2021).

[43] *See AeroGlobal Capital Management, LLC*, 871 A.2d at 437.

[44] *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 130 (Del. 2016) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

[45] *Id*. (citations omitted).

9.      In *Plummer*, the defendant filed an answer to the complaint and moved to dismiss for failure to prosecute under Superior Court Civil Rule 41(b).[46] Neither the answer to the complaint nor the Rule 41(b) motion included a challenge to personal jurisdiction over the defendant.[47] It was during oral argument on the Rule 41(b) motion that the defendant raised a lack of personal jurisdiction issue for the first time.[48] On appeal, the Delaware Supreme Court discussed the relationship between Rules 12(b) and (h)(1):

> Rule 12(h)(1) provides for the waiver of the lack of personal jurisdiction defense if it is not raised in the initial motion or responsive pleading. This is unlike challenges to subject matter jurisdiction, which a defendant may raise and the court must hear at any time. When read *in pari materia,* the provisions of Rule 12(b) and (h) require that a Rule 12 defense of lack of personal jurisdiction must be raised by a timely Rule 12 motion or, if no motion is filed, in the first responsive pleading. Otherwise, the defense is waived.[49]

> A motion based on Rule 12(b) defenses "shall be made before a pleading if a further pleading is permitted."[50]
>
> …
>
> [Defendant] was required to expressly raise the defense of lack of personal jurisdiction no later than her answer, but she did not do so. Her failure to expressly raise a lack of

---

[46] *Id*. at 1241.
[47] *Id*. at 1241-42.
[48] *Id*. at 1242.
[49] *Plummer*, 861 A.2d at 1243-1244 (internal citations omitted).
[50] *Id*. at 1244 (quoting Del. Super. Ct. Civ. R. 12(b)).

8

personal jurisdiction defense in a timely manner waived this defense.[51]

10.     The Supreme Court in *Plummer* held that a personal jurisdiction challenge must occur no later than in an answer or the challenge is waived. Importantly, as quoted above, "[a] motion based on Rule 12(b) defenses 'shall be made before a pleading if a further pleading is permitted.'"[52]   Here, no further pleading was permitted after Allstate's Answer.[53]   And, Allstate did not plead lack of personal jurisdiction in its Answer.  Allstate only challenged personal jurisdiction in a Rule 12(b)(2) motion after it answered the Complaint.[54]   Thus, Allstate's Rule 12(b) motion is untimely.  It has waived its personal jurisdiction defense, and, for this reason, impliedly consented to the jurisdiction of this Court.  As this Court has noted before:

> [T]he message conveyed by the present version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these

---

[51] *Id.* at 1244.

[52] *Id.* (quoting Del. Super. Ct. Civ. R. 12(b)).

[53] *See* Del. Super. Ct. Civ. R. 7(a) ("**Pleadings**. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is served under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the Court may order a reply to an answer or a third-party answer.").

[54] Pl.'s Answer was submitted to the Court on August 9, 2023. D.I. 4 and its Motion to Dismiss for Lack of Jurisdiction was submitted to the Court on July 17, 2024. D.I. 14.

defenses he must do so at the time he makes his first defensive move-whether it be a Rule 12 motion or a responsive pleading.[55]

…

In Delaware issues questioning the Court's jurisdiction over the person of the defendant have historically been required to be raised at the earliest time in the proceedings. And if the party overlook it, and take steps in the cause, he cannot afterward turn back and object.[56]

12.     In its Reply, Allstate asserts that it did not move to dismiss until after Mason's deposition because the facts establishing a lack of personal jurisdiction over Allstate were not available until then.  But information was available to Allstate before Mason's deposition was taken.  Mason listed an insurance claim number in his Answers to Form 30 Interrogatories.[57]  Allstate properly listed an insurance

---

[55] *Mergenthaler v. Asbestos Corp. of Am*., 1989 WL 158501, at *2 (Del. Super. Ct. Nov. 8, 1989); *see also Tuckman v. Aerosonic Corp*., 394 A.2d 226, 232 (Del. Ch. 1978) (citing Del. Ch. Ct. R. 12(h)(1)) ("Under Rule 12(h) the defenses of lack of jurisdiction over the person and insufficiency of process are waived unless raised by motion before pleading or included in a responsive pleading."); *Grynberg v. Burke,* 388 A.2d 443, 448 (Del. Ch. 1978) ("[D]efenses of lack of jurisdiction over the person and insufficiency of service of process are considered waived as a matter of course by the filing of a motion or responsive pleading which fails to assert them."); *Bank of Am. Nat. Tr. & Sav. Ass'n v. GAC Properties Credit, Inc*., 389 A.2d 1304, 1314 (Del. Ch. 1978).

[56] *Mergenthaler*, 1989 WL 158501, at *3 (internal citations and quotations omitted).

[57] Pl's Answers to Form 30 Interrogatories at ¶ 6(A)(b), D.I. 1.  Mason should have listed the insurance policy number under which he made his claim under Superior Court Civil Rule Form 30(6)(b) requiring the policy number in a party's Form 30 Interrogatories, but it appears Allstate was able to correctly identify the policy number.

policy number in its Answers to Form 30 Interrogatories.[58] Tanzilli is the named insured on that policy.[59] Allstate admits in its Answer to Paragraph 6 of the Complaint that "On or about May 1, 2022, the Plaintiff was insured by a policy of insurance with the Defendant, Allstate Insurance Company for uninsured/underinsured motorist coverage. The Complaint alleged that Allstate "is a foreign corporation licensed to engage in the business of insurance under the laws of the state of Delaware."[60] In considering all of his information, provided in part pursuant to Superior Court Civil Rule 3(h)(1)(I), it is apparent to the Court that Allstate had notice of sufficient facts which, with appropriate investigative diligence, would have provided it a basis to challenge personal jurisdiction prior to Mason's deposition.

13. Mason also contends Allstate waived its personal jurisdiction challenge through conduct which demonstrates it is an "active actor" in the case.[61] "[I]f not raised promptly, a party may waive its right to contest personal jurisdiction when it becomes an 'active actor' in the case."[62] In making his argument that Allstate is an "active actor," Mason points out that Allstate responded to the Complaint, submitted

---

[58] Def.'s Answers to Form 30 Interrogatories ¶ 6(ANSWER)(b), D.I. 4.
[59] *See* Def.'s Mot. to Dismiss at Ex. A, D.I.14.
[60] Compl. ¶ 2, D.I. 1.
[61] Pl.'s Resp. at ¶ 4, D.I. 16.
[62] *Connecticut Gen. Life Ins. Co. v. Pinkas*, 2011 WL 5222796, at *3 (Del. Ch. Oct. 28, 2011).

11

the first set of interrogatories and a request for production, filed a notice of deposition of Mason, answered Plaintiff's interrogatories and request for production, attended a judicial scheduling teleconference, and conducted Mason's deposition.[63]

14. The term "active actor" describes a litigant who has waived a personal jurisdiction challenge and consented to a court's jurisdiction through conduct in a case.[64] Mason cites *Sussex Farms Limited* in support of his argument that Allstate was an "active actor."[65] But, "[m]inimal participation in the litigation does not necessarily constitute waiver."[66] Unfortunately, it appears that the line between active actors and minimal participants is not clearly drawn.[67] However, because

---

[63] Pl.'s Resp. at ¶ 4, D.I. 16.

[64] *E.g.*, *Bigelow/Diversified Secondary P'ship Fund 1990 v. Damson/Birtcher Partners*, 2001 WL 1641239, at *7 (Del. Ch. Dec. 4, 2001); *Ross Hldg. & Mgmt. Co. v. Advance Realty Grp., LLC*, 2010 WL 1838608, at *11-12 (Del. Ch. Apr. 28, 2010); *Connecticut Gen. Life Ins. Co.*, 2011 WL 5222796, at *3; *In re Asbestos Litig.*, 2015 WL 556434, at *5 (Del. Super. Ct. Jan. 30, 2015); *CelestialRX Invs., LLC v. Krivulka*, 2019 WL 1396764, at *17 (Del. Ch. Mar. 27, 2019); *Sussex Farms Ltd.*, 2022 WL 2126228, at *2; *Est. of Mergenthaler*, 2024 WL 4052994, n.55 (Del. Ch. Sept. 4, 2024).

[65] Pl.'s Resp. at ¶ 4, D.I. 16.

[66] *Est. of Mergenthaler*, 2024 WL 4052994, at *4.

[67] *See CelestialRX Invs., LLC*, 2019 WL 1396764, at *17 (concluding that acceding to being deposed before being added as a party did not waive a personal jurisdiction defense); *Ross Hldg.*, 2010 WL 1838608, at *5, *12 (finding a defendant did not become an active actor for purposes of waiver despite having "actively participated as a party in this case, including filing an answer, defending against and filing motions, and serving and responding to discovery"); *Hornberger Mgmt. Co. v. Haws & Tingle Gen. Contractors, Inc.*, 768 A.2d 983, 989 (Del. Super. Ct. 2000) ("Defendant submitted to the jurisdiction of this Court by participating in the arbitration process without raising jurisdiction, filing a motion for a trial de novo, entering into a case scheduling order, participating in discovery, stipulating to an

Allstate waived its personal jurisdiction challenge due to its untimely Rule 12(b)(2) motion, the Court need not draw that line here.

15.  Finally, the Court notes that this litigation has been active in Delaware for nearly 15 months.  A Trial Scheduling Order has been entered establishing various deadlines, a number of which have passed, and setting trial for July 21, 2025.[68]  It makes little sense for the parties to pick up stakes here only put them down anew in Maryland in order the litigate the same facts at issue here.

**THEREFORE**, Defendant Allstate Indemnity Company's Motion to Dismiss for Lack of Jurisdiction is **DENIED**.

**IT IS SO ORDERED**.

<u>/s/ *Ferris W. Wharton*</u>
Ferris W. Wharton. J.

---

extension of time for filing case dispositive motions, and failing to file the motion before the deadline for the filing of case dispositive motions."); *but see, In re Asbestos Litig.*, 2015 WL 556434, at *5 (finding a defendant who raised a personal jurisdiction defense in its answer, served and responded to discovery, and filed motions related to personal jurisdiction was not an active actor)).

[68] Trial Scheduling Order, D.I. 12.