**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 23, 2026

Albert H. Manwaring, IV, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

William M. Lafferty, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, Suite 1600
Wilmington, DE 19801

RE: *PXP Producing Company LLC v. MitEnergy Upstream LLC,*
Civil Action No. 2024-0668-MTZ

Dear Counsel:

I write to address the pending cross-motions for judgment on the pleadings in this matter. Petitioner PXP Producing Company LLC's ("Petitioner") brought a two-count complaint regarding cancelled respondent MitEnergy Upstream LLC (the "Company").[1] Count I seeks nullification on the grounds that the Company violated 6 *Del. C.* § 18-804 by dissolving without making any provision for known decommissioning obligations.[2] Petitioner contends that failure made the cancellation unlawful under 6 *Del. C.* § 18-203.[3] Count II seeks appointment of a receiver under 6 *Del. C.* § 18-805.[4] Petitioner argues a receiver is needed to

---

[1] D.I. 29 [hereinafter "Am. Compl."].

[2] *Id.* ¶¶ 79–84.

[3] *Id.* ¶¶ 82–84.

[4] *Id.* ¶¶ 86–88, 92.

investigate the Company's cancellation and provision for decommissioning obligations.

Intervenor MEPUS Holdings LLC ("Intervenor") moved to dismiss the operative complaint.[5] Intervenor moved to dismiss Counts I and II as untimely; I denied that motion.[6] Intervenor also moved to dismiss Count II for failure to state a claim; I granted that motion.[7] I concluded Petitioner had failed to show good cause for the appointment of a receiver, as Petitioner had failed to plead a Section 18-804 violation under both Section 18-805's "reasonable likelihood" standard and Court of Chancery Rule 12(b)(6)'s "reasonable conceivability" standard.[8]

In so doing, I noted my pleading-stage analysis could not consider Petitioner's unpled assertions, made for the first time in briefing, that the Company had $2.58 million on hand when it began winding down.[9] I also noted the case presented "a complex factual dispute about whether the Company fairly believed its decommissioning obligations would be handled by its buyer's buyer," and that

---

[5] D.I. 40.

[6] *PXP Producing Co. LLC v. MitEnergy Upstream LLC*, 342 A.3d 402, 406–13 (Del. Ch. 2025).

[7] *Id.* at 413–22.

[8] *Id.* at 413–16, 420–21.

[9] *Id.* at 420–21.

"Petitioner concedes there are 'many unresolved factual issues' concerning whether adequate provision was made for the Company's decommissioning obligations."[10]  I held I could not resolve that factual dispute at the pleading stage.[11]

Based on those rulings and Petitioner's answer,[12] Intervenor moved for judgment on the pleadings on Count I.[13]  Intervenor's theory is straightforward:  the Court has already held Petitioner failed to plead a violation of Section 18-804.  That is so.[14]

Petitioner opposed the motion and cross-moved for judgment on the pleadings in its favor.[15]  Petitioner's arguments fall into three buckets:  procedural, factual, and equitable.  I take each in turn.

### A. Petitioner's Procedural Argument

Petitioner asserts the Court of Chancery Rules prohibit Intervenor from bringing its Rule 12(c) motion because it relies on a defense that was available to

---

[10] *Id.* at 420, 420 n.123 (citing Am. Compl. ¶¶ 88–89).

[11] *Id.* at 420, 420 n.124 (collecting authorities).

[12] D.I. 61.

[13] D.I. 62.

[14] *PXP Producing Co.*, 342 A.3d at 413–16, 420–21.

[15] D.I. 65.

Intervenor but omitted from its Rule 12(b)(6) motion.[16]  I believe Intervenor's Rule 12(c) motion is permitted under the Rules.

Rule 12(g)(2) and Rule 12(h)(3) work together to limit successive motions bringing the Rule 12(b)(6) defense of failure to state a claim.  Rule 12(g)(2) states:

> Limitation on Further Motions. Except as provided in Rule 12(h)(2)–(4), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.[17]

Rule 12(h)(3) states:

> Defenses Under Rule 12(b)(6).  A party may assert a defense under Rule 12(b)(6) by filing a motion before a responsive pleading, if a responsive pleading is allowed. A party may preserve the defense by including it in any pleading allowed or ordered under Rule 7(a). Otherwise, the defense is waived.[18]

I read Rule 12(h)(3) to permit, but not require, a motion to dismiss for failure to state a claim before an answer; and to provide that if a defendant includes the defense of failure to state a claim in its answer, the defendant has preserved that defense.  I read Rule 12(g)(2) to provide that if a party preserves its defense under Rule 12(h)(3), that party is not prohibited from making another Rule 12 motion bringing that

---

[16] D.I. 68 at 16–18.

[17] Ct. Ch. R. 12(g)(2).

[18] Ct. Ch. R. 12(h)(3).

defense, even if that defense was available at the time of the first motion.[19] In effect, if a defendant moves to dismiss, that motion is denied, and the defendant then answers the complaint and includes a defense of failure to state a claim, the defendant may file a Rule 12(c) motion on that defense.

This reading is consistent with these Rules' "basic purpose"—"'to preserve the defenses,' not limit them."[20] "[T]hey are designed to prevent a litigant from using a series of motions as a dilatory tactic, to direct a party to take timely action on answers or motions, and to expedite litigation and encourage disputes to be resolved on their merits."[21] The Rules offer more flexibility for defenses going to the merits than for defenses addressing "the legal adequacy of the initial steps taken by the plaintiff in his litigation."[22]

---

[19] Ct. Ch. R. 12(g)(2) (prohibiting a successive motion "[e]xcept as provided in Rule 12(h)(2)–(4)").

[20] *Germaninvestments AG v. Allomet Corp.*, 2020 WL 6870459, at *7 (Del. Ch. Nov. 20, 2020) (quoting *Council of Civic Orgs. of Brandywine Hundred, Inc. v. New Castle Cty.*, 1991 WL 279374, *1–2 (Del. Ch. Dec. 26, 1991) (noting the "importance of" the defenses Rule 12(h) carves out and recommending a flexible approach), *and citing Lewis v. Straetz,* 1986 WL 2252, at *2 (Del. Ch. Feb. 12, 1986) (explaining Rule 12's timing requirements should be applied flexibly)).

[21] *Mack v. Rev Worldwide, Inc.*, 2020 WL 7774604, at *15 (Del. Ch. Dec. 30, 2020) (cleaned up) (*citing Plummer v. Sherman*, 861 A.2d 1238, 1243 (Del. 2004); *then citing Jones v. Peek*, 2009 WL 3334913, at *2 (Del. Super. Oct. 14, 2009); *then citing Tuckman v. Aerosonic Corp.*, 394 A.2d 226, 232 (Del. Ch. 1978)).

[22] *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 720–21 (3d Cir. 1982).

Here, Intervenor's answer to Petitioner's amended complaint alleged that "Plaintiff's claims are barred because they fail to state a claim upon which relief can be granted, including as described in the Court's Letter Opinion dated June 26, 2025."[23] That satisfies Rule 12(h)(3): Intervenor preserved its defense in its pleading.[24] So Rule 12(g)(2) does not prohibit Intervenor from bringing a second Rule 12 motion on that defense, even if that defense was available at the time of its Rule 12(b)(6) motion.

### B. Petitioner's Factual Argument

Petitioner's second argument is a factual one. Petitioner revives its unpled assertion that the Company had $2.58 million on hand in 2018 and made a $580,000 distribution in 2019; points to Intervenor's counsel's statement at oral argument that the Company dissolved in February 2019;[25] then asks the Court to find the Company could not have reasonably concluded decommissioning obligations would be handled by a third party, and to conclude the distribution was an Section 18-804

---

[23] D.I. 61 at 41 (First Defense).

[24] Ct. Ch. R. 12(h)(3).

[25] D.I. 58 at 78–79. In response to questions from the Court regarding whether the Company's 2009 and 2010 distributions were in connection with dissolution, Intervenor's counsel explained, "We have been able to confirm . . . but this is extrinsic to the pleadings . . . that the unanimous written consents to dissolve are dated February 2019, a month before dissolution . . . ." *Id*. Intervenor's counsel added that based on that timing, the 2009–2010 distributions were not in connection with dissolution. *Id*. at 79.

violation.[26] On Intervenor's motion to dismiss, I explicitly found that settled principles of civil procedure preclude me from addressing those unpled assertions and resultant factual dispute.[27]

That remains true on Intervenor's motion for judgment on the pleadings. On a Rule 12(c) motion, the Court considers well-pleaded facts in the operative pleadings and views those facts and any inferences in a light most favorable to the nonmoving party.[28] The Court may consider documents integral to the pleadings and

---

[26] D.I. 68 at 2–3, 6, 9–10, 13–16. Petitioner previously argued the purported $580,000 distribution supported a reasonably likely violation of Section 18-804, thereby establishing good cause under Section 18-805. D.I. 24 ¶¶ 6, 17, 22; D.I. 39 ¶ 9 (citing D.I. 31 at Ex. 1); *PXP Producing Co.*, 342 A.3d at 414–16. On Intervenor's motion to dismiss, I rejected this argument because "Petitioner does not assert those distributions occurred after the Company's dissolution or during its winding up." *PXP Producing Co.*, 342 A.3d at 415. As I previously explained, "Petitioner does not allege when dissolution occurred, nor that any distributions took place after that date. Petitioner can only guess the Company may have been winding up when distributions were made, offering no facts to inform that guess or support an inference it is correct." *Id.* at 415–16. In Intervenor's opposition to Petitioner's motion for an appointment of receiver, Intervenor attached a summary of the Company's distributions between 2006 and 2021. D.I. 31 ¶¶ 3, 10, Ex. 1. Petitioner relies on that exhibit and Intervenor's counsel's comments from oral argument to argue it is reasonably conceivable the Company violated Section 18-804. D.I. 68 at 15–16. Petitioner claims its allegation regarding the $580,000 distribution is pled in its Amended Complaint (D.I. 68 at 14 (citing Am. Compl. 69)), but the Amended Complaint contains no such allegation. Am. Compl. ¶ 69 (alleging PXP's claims were tolled under the doctrine of unknowable injuries).

[27] *PXP Producing Co.*, 342 A.3d at 420, 420 n.123.

[28] *BAE Sys. N. Am. Inc. v. Lockheed Martin Corp.*, 2004 WL 1739522, at *3 (Del. Ch. Aug. 3, 2004).

facts subject to judicial notice.[29]  But if a party presents matters outside the pleadings, the Court may exclude them or treat the motion as one for summary judgment, permitting discovery into the issue.[30]  Generally, the Court does not consider matters outside the pleadings on a pleading-stage motion, and the choice to convert the motion is within the Court's discretion.[31]

In my discretion, I conclude Petitioner's unpled assertions about the timing of the Company's dissolution and its cash on hand at that time shall be excluded here as they were on Intervenor's motion to dismiss.[32]  Petitioner chose not to seek leave to amend after the Court ruled Petitioner had not pled those facts.

---

[29] *Bakotic v. Bako Pathology LP*, 2018 WL 6601172, at *2 (Del. Super. Dec. 10, 2018) ("Where a document is integral to the pleadings, the court may consider it in deciding a Rule 12(c) motion without converting it to one for summary judgment."); *ITG Brands, LLC v. Reynolds Am., Inc.*, 2017 WL 5903355, at *2, *5 (Del. Ch. Nov. 30, 2017) (considering, on cross motions for partial judgment on the pleadings, facts "either not subject to reasonable dispute or subject to judicial notice").

[30] Ct. Ch. R. 12(d).

[31] *Johnson v. Student Funding Grp, LLC*, 2015 WL 351979, at *1 (Del. Super. Jan. 26, 2015); 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1366 (3d ed.) ("The court, sua sponte, may convert a motion under Rule 12(b)(6) into one for summary judgment, but the conversion by the [trial] judge should be exercised with great caution and attention to the parties' procedural rights[.]").  "[C]ourts have complete discretion to determine whether to accept the submission of any material beyond the pleadings" and when the material "is scanty, incomplete, or inconclusive, the [trial] court probably will reject it." *Id.*

[32] *PXP Producing Co.*, 342 A.3d at 414–21.

### C. Petitioner's Equitable Argument

That brings us to Petitioner's third argument. Petitioner complains it would be inequitable to deny Petitioner relief for failing to plead information it could not know. But again, Petitioner had the information it is wielding by the time Intervenor's motion to dismiss was under advisement, and chose to stand on its current pleading for this next round. It would be unfair to give Petitioner a third bite at the apple.

### D. Conclusion

Intervenor's motion for judgment on the pleadings is **GRANTED**. Petitioner's cross-motion for judgment on the pleadings is **DENIED**.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*